**Opinion filed September 26, 2013**



## In The

# Eleventh Court of Appeals

_____

## No. 11-11-00257-CR

_____

## MICHAEL LAMAR MELLEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 17952B**

## M E M O R A N D U M   O P I N I O N

The jury found Michael Lamar Mellen guilty of two counts of illegal dumping: count one, a state jail felony for disposing of litter or waste, and count two, a Class A misdemeanor, for transporting the waste.[1]  The trial court assessed Appellant's punishment at confinement for one year in a state jail facility and a

---

[1]Appellant stipulated at trial that, if he was found guilty of a misdemeanor in count two, the evidence would show it was a Class A misdemeanor.

$1,000 fine in count one and confinement for six months in the county jail and a $500 fine in count two. The trial court placed Appellant on community supervision for two years and one year, respectively, with both sentences to run concurrently. Appellant challenges the sufficiency of the evidence to support the felony conviction; he also contends that the trial court erred when it admitted a three-year-old photograph of his backyard at 1410 Ash in Abilene. We affirm.

## I. *The Charged Offenses*

The grand jury returned an indictment against Appellant for two felony counts of illegal dumping because Appellant had placed a large pile of waste at 1431 Plum on or about June 15, 2009. *See* TEX. HEALTH & SAFETY CODE ANN. § 365.012 (West Supp. 2012). A person commits the offense of illegal dumping if he "disposes or allows or permits the disposal of litter or other solid waste at a place that is not an approved solid waste site, including a place on or within 300 feet of a public highway, on a right-of-way, on other public or private property, or into inland or coastal water of the state" or if he "transports litter or other solid waste to a place that is not an approved solid waste site for disposal at the site." *Id.* § 365.012(a), (c). The person commits a state jail felony offense if the litter or solid waste weighs 1,000 pounds or more or has a volume of 200 cubic feet or more. *Id.* § 365.012(g). A person commits a Class A misdemeanor if the litter or solid waste weighs more than 500 pounds but less than 1,000 pounds or has a volume of more than 100 cubic feet but less than 200 cubic feet. *Id.* § 365.012(f).

## II. *The Evidence at Trial*

Appellant, a 67-year-old disabled veteran and former Abilene City Council candidate, testified at trial. He testified that he lives at 1410 Ash Street in Abilene with his son. Appellant has lived in his home for thirty years; it is located directly across the alley from 1431 Plum Street. Appellant spoke with Officer Bill Whitley, an environmental enforcement officer for the City of Abilene, on June 15,

2

2009, about the appliance, trash, debris, litter, and other waste located behind 1431 Plum. When questioned by Officer Whitley about the waste pile, Appellant admitted that he had placed a dishwasher near the waste pile but said that the other waste was not his trash. Appellant later admitted that he had put some unbagged waste in a nearby trash bin and that he had placed items on the waste pile.

Appellant admitted that, when he spoke to Officer Whitley about properly disposing of the waste pile or face charges for illegal dumping, he was upset and told Officer Whitley that he had paid his solid waste bill and the City of Abilene could come pick it up. Appellant also told Officer Whitley that the City of Abilene was harassing him and had sent him letters about the waste and had told him to clean up his yard. When Officer Whitley explained to Appellant that he either had to remove the waste or arrange for the City of Abilene to pick it up, Appellant demanded to speak with Officer Whitley's sergeant or lieutenant about this "police" harassment.

Officer Whitley testified as to his version of the events. He testified that, while he was performing his duties on June 15, 2009, he drove past the alley between the 1400 blocks of Ash and Plum Streets and saw a gray pickup parked next to a large pile of waste. He pulled into the alley and stopped behind the pickup. Officer Whitley noticed that the back gate to 1410 Ash was open and that a boy was in the yard. Officer Whitley asked the boy if his father was home, and the boy went inside; Appellant came out of the house, visibly upset, and spoke with Officer Whitley. Officer Whitley testified that Appellant admitted that the trash, litter, and waste behind 1431 Plum was his trash, as was the dishwasher, and that Appellant said he would call the city to pick it up when he was "ready to."

Officer Whitley called Solid Waste Services of the City of Abilene to see if the waste pile could be reviewed for weight or pickup that day, but it was not

possible. Before Officer Whitley left, he reminded Appellant to clean up the waste pile.

When he returned to his office, Officer Whitley wrote and mailed a certified letter to Appellant in which he instructed Appellant to remove and dispose of all solid waste behind 1431 Plum within ten days. Appellant received the letter.

Later, Officer Whitley spoke to Randy Bailey, Residential Manager of Solid Waste Services for the City of Abilene, about the waste pile; Bailey completed a load review between June 15, 2009, and June 29, 2009. On June 29, 2009, Officer Whitley checked to see if Appellant had removed the waste pile, but he had not; it was still there.

On July 1, 2009, the City of Abilene picked up the waste pile, but not at Appellant's request; Officer Whitley had contacted Solid Waste Services to meet him there. Mark Walker, a City of Abilene employee, testified that his crew chief or his supervisor had him pick up the waste pile. Walker picked it up and took it to the Abilene Regional Landfill. Officer Whitley testified that he took "before-and-after" photographs of the area. Officer Whitley testified that, by then, additional waste had been added to the waste pile.

Raymond Grothaus, an employee of Abilene Regional Landfill, testified that waste is brought into the landfill by truck through one entrance, that it is weighed and accounted for, and that a scale ticket is then issued for the load. He also testified that the scales are registered and licensed annually with the Texas Department of Agriculture and that a local company calibrates them twice a year. Elizabeth Morales worked for the landfill as a "scales" clerk and screener, and she testified that the scale ticket indicated the load was construction and debris. The scale ticket indicated the net weight of the load was 3,080 pounds. Walker testified that the net weight of the waste load was 3,081.54 pounds.

Shawn Earl, a City of Abilene employee, testified that in 2006 she went to 1410 Ash and took a picture of the backyard. The picture showed some camper trailers; a vehicle; some scattered lumber; and a small, plastic yellow child's chair in the backyard. Officer Whitley testified that, although there was some lumber and a yellow child's chair at the dump site when he returned on July 1, 2009, those items had not been there on June 15, 2009. Officer Whitley testified that he was not sure if the yellow chair in the two photographs was the same one.

### III. *Issues Presented*

Appellant has asserted two issues. The court frames the two issues:

1.      Was there legally sufficient evidence for a rational jury to find beyond a reasonable doubt that Appellant disposed of 1,000 pounds or more of solid waste at an unapproved site?

2.      Did the trial court abuse its discretion when it admitted a three-year-old photograph of Appellant's backyard as relevant to Appellant's knowledge or intent?

### IV. *Standard of Review*

We apply the sufficiency standard outlined in *Jackson* and its progeny for Appellant's first issue. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We review all of the evidence admitted by both the State and Appellant in the light most favorable to the jury's verdict and decide whether any rational jury could have found each element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

We review a trial court's decision to admit evidence under an abuse of discretion standard and will not reverse that decision absent a clear abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005); *Montgomery v.*

*State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). A trial court abuses its discretion only when its admissibility decision lies outside the zone of reasonable disagreement. *Apolinar*, 155 S.W.3d at 186.

V. *Discussion and Analysis*

A. *Sufficiency of the Evidence*

At trial, Appellant challenged the State's evidence as to the weight of the waste. Appellant based his challenge on the load description, the "tare" weight, and the failure to deduct the weight of fuel in the tank of the truck or the items in the cab of the truck. Appellant also claimed that the trash was not his. Appellant claimed that Officer Whitley misunderstood what he said because only the dishwasher and some unbagged trash belonged to him. Appellant claimed at trial that the waste pile was from a home demolition on 1441 Plum Street. However, testimony from Greg Brown, the Geographic Information Systems (GIS) manager for the City of Abilene, referenced aerial photographic maps of Ash and Plum Streets taken in February 2009. The aerial photos depict that there was no house at 1441 Plum and no waste pile at 1431 Plum.

The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). A jury may believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We review the factfinder's weighing of the evidence and cannot substitute our judgment for that of the factfinder. *Cain v. State*, 958 S.W.2d 404 (Tex. Crim. App. 1997). Due deference must be given to the factfinder's determination, particularly concerning the weight and credibility of the evidence. *Jones v. State*, 944 S.W.2d 642 (Tex. Crim. App. 1996).

Appellant conceded that he put the dishwasher in the pile. The jury heard and saw evidence of the appearance of the yellow chair and lumber in the pile—

6

things that, earlier, had been in the backyard of 1410 Ash. The jury also heard evidence that the City picked up the waste pile and took it to Abilene Regional Landfill and that the net weight of the waste was 3,080 pounds. We hold that, under the evidence that we have outlined, a rational jury could have found beyond a reasonable doubt that Appellant illegally dumped waste at an unapproved site in an amount greater than 1,000 pounds. The evidence supports a finding that Appellant also committed the lesser included offense of transporting less than 1,000 pounds of waste to that same unapproved site. We hold that the State presented sufficient evidence from which a rational jury could find beyond a reasonable doubt that Appellant had illegally dumped waste in Taylor County, Texas, on or about June 15, 2009, and that he was guilty of both the felony and misdemeanor offenses. We overrule Appellant's first issue.

### B. Admission of Photograph

The State moved to introduce State's Exhibit No. 31: a photograph from 2006 that Earl, a City of Abilene employee, had taken concerning an investigation of code violations at 1410 Ash. Appellant objected under "relevance" and "unfair prejudice" grounds; the trial court overruled those objections. The photograph of Appellant's backyard at 1410 Ash depicted a metal chain-link fence, a vehicle, two camper trailers, some trash, scattered lumber, and a small yellow chair. On July 1, 2009, Officer Whitley had taken a picture of the waste pile at 1431 Plum that showed some lumber and a yellow chair that had been added to the waste pile.

The admissibility of a photograph is within the sound discretion of the trial court. *Ramirez v. State*, 815 S.W.2d 636, 646–47 (Tex. Crim. App. 1991). If verbal testimony of matters depicted in the photographs is admissible, the photographs themselves are admissible. *Id.* Evidence is "relevant" that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

7

without the evidence." TEX. R. EVID. 401. But Rule 404 generally prohibits "the circumstantial use of character evidence." 1 Steven Goode et al., *Texas Practice Series: Guide to the Texas Rules of Evidence* § 404.2 (3d ed. 2002). Although relevant, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. TEX. R. EVID. 404(b); *Montgomery*, 810 S.W.2d at 386. Evidence of other crimes, wrongs, or acts may, however, be admissible if it has relevance *apart from* its tendency to prove character conformity. *Montgomery*, 810 S.W.2d at 387; *see* TEX. R. EVID. 404(b).

Texas Rule of Evidence 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Long v. State*, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991); *Montgomery*, 810 S.W.2d at 389; *Wise v. State*, No. 11-11-00196-CR, 2013 WL 3583954, *6 (Tex. App.—Eastland July 11, 2013, no pet. h.) (citing *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002), and *Render v. State*, 347 S.W.3d 905, 921 (Tex. App.—Eastland 2011, pet. ref 'd)). Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. A proper Rule 403 analysis includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Dunklin v. State*, 194 S.W.3d 14, 25 (Tex. App.—Tyler 2006, no pet.) (citing *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004)). In reviewing a trial court's determination under Rule 403, a reviewing court reverses the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).

Under the provisions of Rule 403, to be admissible, a photograph must possess "*some* probative value" and "its probative value [must] not be substantially outweighed by its inflammatory nature." *Long*, 823 S.W.2d at 272. The State offered Exhibit No. 31 to show Appellant's knowledge or intent. The yellow chair had been in Appellant's backyard and was not in the photographs taken of the waste pile on June 15, 2009. However, the State argued that, because the chair later appeared in the photograph taken of the waste pile on July 1, the photograph demonstrated Appellant's knowledge of the illegal dumping and his participation in it after June 15, 2009.

Appellant argued that the photograph was impermissible "prior bad act" evidence about code violations in 2006 and that the information was not relevant. He further maintained that its probative value was substantially outweighed by its unfair prejudice.

State's Exhibit No. 31 depicted no illegal dumping and was offered to show some lumber and a yellow chair in Appellant's backyard three years before similar items were added to the waste pile after Appellant's encounter with Officer Whitley. The trial court allowed the photograph into evidence to show Appellant's knowledge and intent because the yellow chair was not depicted in the waste pile on June 15, 2009, but was present on July 1, 2009. Appellant had contended during trial that he did not dump the waste there. To the contrary, the State argued that the yellow chair was probative evidence that Appellant continued to place items on the waste pile even after Officer Whitley told him to remove the pile.

The trial court gave the jury a limiting instruction that the photograph could only be considered to determine Appellant's intent or knowledge. Under the facts that we have outlined, we do not find that the trial court's admission of the photograph was outside the zone of reasonable disagreement. Therefore, we cannot

say that the trial court abused its discretion when it admitted the photograph of Appellant's backyard at 1410 Ash. We overrule Appellant's second issue on appeal.

## VI. *Conclusion*

After reviewing the entire record, we hold that there was legally sufficient evidence for a rational jury to find beyond a reasonable doubt that Appellant committed the offense of illegally dumping 1,000 pounds or more of solid waste at an unapproved site. We also hold that the trial court did not abuse its discretion in admitting the photograph of Appellant's backyard.

## VII. *This Court's Ruling*

We affirm the judgments of the trial court.


MIKE WILLSON

JUSTICE


September 26, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.